## ELLA VAN DYKE ST CLAIR HOME FOR THE AGED v JAFFE et

Ohio Appeals, 2nd Dist, Darke Co

No 532. Decided June 14, 1938

## 368

T. A. Billingsley, Greenville, for appellant.
Paul W. Younker, Greenville, for appellee.

### OPINION

By GEIGER, J.

This matter had its inception before G. S. Menkle, Justice of the Peace in the township of Greenville, Darke County, Ohio.

The record from the Justice's Court discloses that on the 23rd of April, 1937, the plaintiff filed its bill of particulars, wherein it set out that the defendants unlawfully detained certain premises beyond the term of rental. On May 8, 1937, the trial was had and it was found by the Justice that the plaintiff was entitled to restitution and it was ordered that the plaintiff have and recover restitution from the defendants and also costs.

On the 12th of May, a writ was issued to the constable to place the property in the possession of the plaintiff. This writ was returned on May 21, 1937 with the endorsement that by virtue thereof the plaintiff was restored to the possession of, the premises "by removing defendants' property from the premises," and shows a levy upon certain articles of the defendant for costs totaling $512.40.

On May 28, 1937, the defendant filed a motion to retax costs and set aside the cost bill of the constable. Hearing on this was set for June 23, 1937, when the motion was heard on the evidence and the Justice found that the charges and costs of the constable as well as the court costs were necessary and proper and that the costs amounting to $512.40 were not excessive and were fair, reasonable and proper, and the motion of the defendant to retax the costs was denied.

The whole controversy revolves around the question of the bill of costs. The Court of Common Pleas of Darke Couny had before it on a petition in error the question of alleged error of the Justice of the Peace in reference to the constable's cost bill. The cause came on for hearing before the court below and on September 29, 1937, the court found, from the evidence, as shown by the transcript and the proceedings before the justice, that the costs of the constable as well as the court costs were necessary and proper and that they were not excessive and it was ordered by the court that the application to retax the costs as to the constable and court costs be overruled.

The issue presented to the court is whether or not costs taxed by the constable, incurred by him as expense in the execution of the writ of restitution, are proper charges to be made as fees to be collected from the defendant by levy on his goods.

It goes without argument that no public official can charge either for his own services or for the services of any of his assistants except as authorized by statute. 36 Ohio Jur. p. 702—§91.

Sec 10460 GC prescribes the form of the writ to be issued by the Justice in forcible entry and detainer cases and contains the following command:

"You therefore are hereby commanded to cause the defendant to be forthwith removed from said premises, and the said

plaintiff to have restitution of the same; also, that you levy of the goods and chattels of the said defendant, and make the costs aforesaid, and all accruing costs."

Sec 10461 GC provides that within ten days after receiving the writ, the officer shall execute it by restoring the plaintiff to the possession of the premises and shall levy and collect the costs and make returns as upon other executions.

We must search the statutes to find what authority, if any, the constable has to make charges such as are exhibited in the return of the writ, for its execution. We find two sections §§3038 and 3039 GC that may have some bearing on the issue. §3038 GC provides that no sheriff, coroner or constable may receive any fees unless he returns upon the process upon which a charge is made the particular items of such charge and §3039 GC provides that an itemized bill of costs must be furnished upon demand of one required to pay same.

Sec 3347 GC enumerates the fees of constables and provides that for services actually rendered and expenses incurred, constables shall be entitled to receive the fees enumerated and for serving and making returns, certain fees, among them a fee for serving an order of restitution. The section further provides as proper costs:

"Actual amount paid solely for the transportation, meals and lodging of prisoners, and the moving and storage of goods and the care of animals taken on any legal process, the same to be specifically itemized on the back of the writs and sworn to."

The removal of the chattel property belonging to the defendant from the premises ordered to be restored to the plaintiff does not specifically fall within any of these services, the nearest being, "the moving and storage of goods taken on any legal process."

The defendants' goods were not taken on a legal process as goods taken on attachment, replevin or execution, although it might be urged that their removal is made necessary by the order of restitution. This was the position taken by the parties, and it will be assumed by us to be correct, and the chattel removed will be considered as goods "taken on legal process," to-wit, the writ of execution and restitution authorized by §10460 GC. This will bring the expense of moving within the province of §3347 GC and authorize the payment of the same as costs.

Going now to the examination of the bill of exceptions, we draw a general conclusion as to the facts, without enumerating them in detail. The order of restitution was made on the 8th day of May, that day being Saturday. Immediately the defendant began to remove his property from the premises. On Wednesday, the 12th day of May, a writ of restitution was issued by the Justice directed to the constable. Thereupon the constable repaired to the property with a considerable force both of men and trucks. He found the defendant engaged in removing his property with a force that in the judgment of the constable, was not sufficient to complete the removal in ten days. The constable did not interfere with the activities of the defendant's men or trucks.

The property to be restored had been used for many years as a junk yard and had accumulated on it a heterogeneous conglomeration of such articles as come within the domain of an active junk man. The estimated amount of tonnage was given by the owner as not over 230 tons, which he claimed could be removed to his new yard at $.60 per ton or a total of about $138.00 and that in his judgment the total amount hauled by the constable's force was not over 150 tons. The constable, on the other hand, makes the very much higher estimate of the amount hauled by his force. The testimony disclosed by the record presents a picture of lively activity in the removal of the junk. Two forces, one of the owner's and one of the constable's seem to have been operating at the same time in a very restricted space, so that there was probably considerable waste motion. A witness for the defendant who seemed to have a lively appreciation of what was going on said: "It was quite a party, by gosh."

During the course of the activity, the constable employed 37 different men, not all for full time, and five trucks. He paid for each truck and a man operaing it $1.00 an hour and $.40 an hour for the laborers. The defendant claims that such payment was in excess of what the services were worth at the time, but the constable replied it was what they were paying P.W.A. workers.

We observe an item of charge for $1.00 per hour by the constable for his own supervision of the job. He was inquired of:

"Q. By what authority does L. N. Brumbaugh charge for himself $1.00 an hour for sixty-three hours, being the constable?

A. Because I had the work to look after —to take care of the men.

Q. You are not making the charge for your activities ·as constable. but as a laborer?.

A. Doing that as my duty as constable."

It goes without saying that no such fees are allowed by statute to a constable supervising the moving of goods taken on any legal process.

There is attached to the bill of exceptions "Exhibit A" which discloses the total charges aggregating $512.40. Of this the court costs, concerning which no question is raised, amounted to $11.15 and the purchase of necessary tools amounted to $4.25.

It will readily be understood that this court is in no position to determine what is fair pay for those engaged in moving the goods and a fair return to the laborer. Such matters are much more within the judgment of those acquainted with the local situations and hearing the testimony of the witnesses, than of a reviewing court.

However, we are not precluded from weighing the evidence as in any other case. but we are not prepared to hold, upon the evidence disclosed, that the expense taxed as costs, is too high. As stated before, we cannot tell on review the proper amount to be allowed, but must confine ourselves to a statement of general principles. While we have held that the constable is entitled to costs for moving the goods, yet those costs must be reasonable in every respect. The constable is not authorized to spend money beyond what is justified for the services required. Neither is he authorized to spend and charge as costs for any services not required of him in the execution of the writ of restitution. As to the constable's charge of $1.00 for general supervision, we feel that this is not within the provisions of the statute. · Public officers are frequently required to render services for which the statutory compensation is inadequate or entirely lacking, yet if there is no authority of law to pay the same, the officer must consider such expenditures as incident to the office he holds. In many cases the fees allowed over pay for the particular service rendered and the theory of the law as to the fees of public officials is that, on the whole, a strict adherence to the fee bill will furnish the proper compensation to the officer. We therefore are of the opinion that the constable's charge is not warranted by the statute.

It seems to us that the charge made by the constable for the removal of the property which the defendant claims is excessive might have been easily avoided had the defendant taken advantage of the provisions of §10460 GC. The proceedings could have been stayed by the filing of a petition in error, which would have afforded the defendant ample time to remove the property by men and trucks employed and supervised by himself.

It appears that all the costs as charged have been paid by the plaintiff so that no laborer has suffered by the delay.

It is urged by the defendant that the plaintiff having paid the costs, that no recovery could now be secured by execution in his behalf and the defendant has cited a number of cases in which it is held that the officers there involved could not recover unless they show that the money sought to be recovered as costs was spent by special contract by the party for whom the expenditures were made. We feel that these cases do not apply inasmuch as in this cause the costs are sought to be collected, not on account of contract made, but upon account of authorized expenditures. If the plaintiff paid the costs by a deposit securing same or as they accrued, they are still costs and may be collected from the defendant and restored to the plaintiff, to the extent that he has advanced the same for proper legitimate expenditures. If in this case the costs are retaxed at a less amount than that stated in the execution, the loss must fall upon the plaintiff who paid more costs than could be legally charged against the defendant.

It will be recalled that under §3347, GC, it is required that the amount paid for moving the goods shall be specifically itemized on the back of the writ and sworn to and that §3338 GC provides that the officer may receive no fees unless he returns upon the process a particular item of such charge. We have not before us the return of the constable and the same is not included in the bill of exceptions, but there is attached "Exhibit A" which is itemized but not sworn to. If this is the only showing of expenses it does not meet the provisions of the statute and justifies us in remanding the cause for compliance with the statute.

Cause remanded for retaxing the costs under the principles herein set out.

BARNES, PJ, and HORNBECK, J, concur.